IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Abhijit Prasad,<br><br>　　　　Defendant. | Case No. 18-cr-00368-CRB-1<br><br>**ORDER DENYING ANCILLARY PETITION, GRANTING MOTION TO LIFT STAY** |

　　　Defendant Abhijit Prasad ("Prasad") has filed an "ancillary petition" opposing the government's notice of forfeiture, arguing that forfeiture is an inappropriate remedy for Prasad's crime of visa fraud. See Ancillary Petition (dkt. 193). Prasad asks that the Court order the government to return the currency seized from Prasad in 2016. Id. at 2. The government, conversely, moves to lift the stay of forfeiture that was in place pending resolution of Prasad's appeal of his conviction (including the preliminary order of forfeiture) to the Ninth Circuit. See dkt. 194.

　　　Prasad's motion fails for the basic reason that, after a preliminary order of forfeiture becomes final as to the defendant and that order is affirmed on appeal—as has occurred here—the defendant no longer has any interest in the property at issue and has no standing to challenge further forfeiture proceedings. See United States v. Bennett, 147 F.3d 912, 914 (9th Cir. 1998); United States v. Mertens, 455 F. App'x 767, 768 (9th Cir. 2011); United States v. Kealoha, No. CR 17-00582 JMS-WRP, 2023 WL 3505328, at *3 (D. Haw. May 17, 2023).

　　　Ancillary petitions may only be brought by third parties, i.e., persons other than the defendant. See 21 U.S.C. § 853(n)(2) (stating, in a section titled "Third Party Interests,"

that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property"); Fed. R. Civ. P. 32.2(c)(1) ("If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding . . . ."); see also dkt. 192 at 4 ("Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file an ancillary petition . . . ."). The narrow question at issue on an ancillary petition is to determine the relative interests of the defendant and third parties in the forfeited property—not whether forfeiture is an appropriate remedy under the applicable statutes and regulations.[1] That question has already been adjudicated based on the Court's preliminary order of forfeiture (which was final as to Prasad at his sentencing) and Prasad's appeal thereof to the Ninth Circuit. United States v. Prasad, 18 F.4th 313 (9th Cir. 2021). Prasad may not get a second bite at the apple by calling his second substantive challenge to the preliminary forfeiture order an "ancillary petition."

Accordingly, Prasad's petition is DENIED, and the government's motion to lift the stay is GRANTED.

**IT IS SO ORDERED.**

Dated: August 3, 2023

CHARLES R. BREYER
United States District Judge

---

[1] In any case, forfeiture is clearly an appropriate remedy for visa fraud under 18 U.S.C. § 982(a)(6)(A).